**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHAWN BERNARD TYSON,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN THOMPSON FCI FORT DIX,**<br><br>**Respondent.** | **Civil Action No. 25-1426 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") filed by Petitioner Shawn Bernard Tyson, a federal prisoner formerly detained in FCI Fort Dix. (ECF No. 1).

2. Petitioner argued that the Bureau of Prisons ("BOP") miscalculated his First Step Act ("FSA") programming credits. (*Id.* at 6-7).

3. According to the BOP Inmate Locator, Petitioner was released from BOP custody on September 22, 2026. Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Oct. 2, 2026).

4. Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).

5. Petitioner is no longer in BOP custody. This Court cannot grant Petitioner further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time. *United States v. Johnson*, 529 U.S. 53 (2000); *DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting *Johnson*)).

6. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
October 5, 2026